UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| EDDIE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:16-CV-1917 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Bank of America, N.A.'s Motion to Dismiss for Failure to State a Claim (ECF No. 12) and Joinder of Defendants Brian Moynihan and Gene E. Pulliam in Defendant Bank of America, N.A.'s Motion to Dismiss (ECF No. 26).[1] This matter is fully briefed and ready for disposition.

## BACKGROUND[2]

Plaintiff Eddie Smith ("Smith") alleges that Bank of America, N.A. ("BANA") and individual defendants discriminated against him by denying him a loan to purchase a property at 4253 Monsols, Florissant, Missouri 63034. (Plaintiff's Complaint, ECF No. 7, ¶11). Smith

---

[1] The Court grants the Joinder of Defendants Brian Moynihan and Gene E. Pulliam in Defendant Bank of America, N.A.'s Motion to Dismiss (ECF No. 26) and, therefore, refers to Bank of America, Brian Moynihan and Gene E. Pulliam as the "Defendants" that filed the Motion to Dismiss.
[2] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

states that race-based discrimination motivated BANA's decision not to enter into a mortgage loan with Smith.

Smith alleges four causes of action for "Racial Decrimitation against Defendants Bank of America" (Count I), "No [Uniform Residential Loan Application] URLA and Letter of Action Taken and Refusal to Provide Community Reinvestment Act Portfolio (CRA)" (Count II); "Racial Decrimitation Coverup Defendant BOA [BANA] 06 Fraudulent URLA and Letter of Action Take" (Count III); and "Criminal Action" (Count IV).

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

### II. Discussion

**A. Fed. R. Civ. P. 8**

Defendants contend that the factual allegations in the Complaint fail to satisfy the pleading standards of Fed. R. Civ. P. 8. (ECF No. 13 at 3-4). Defendants assert that Smith's Complaint contains only vague, conclusory allegations of misconduct that fail to satisfy the requirements of Rule 8. As to his claims of discrimination, Smith "merely alleges he was discriminated against because he did not get the loan he believed he would receive." (ECF No.

13 at 4). Smith further alleges he saw a "racially motivated discriminating expression." (ECF No. 13 at 4 (citing ECF No. 7 at 6)). Smith also claims that his phone calls were not returned as evidence of discrimination. (ECF No. 13 at 4 (citing ECF No. 7 at 6)). He also believes he was not provided an Uniform Residential Loan Application (URLA) "due to racism". (ECF No. 13 at 4 (citing ECF No. 7 at 7)). Defendants claim that all of these allegations merely assert discrimination in a conclusory manner, without providing any substantive claims. Therefore, Defendants argue that Smith's Complaint should be dismissed.

Thereafter, Smith filed a response to Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 19) and an overlong Memorandum in Support of a Response to Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 19-1). Under the local rules of the Eastern District of Missouri, a party can file an opposition memorandum "containing any relevant argument and citations to authorities on which the party relies." (E.D.Mo. L.R. 4.01(B)). Likewise, the local rules provide that "[n]o party shall file any motion, memorandum or brief which exceeds fifteen (15) numbered pages, exclusive of the signature page and attachments, without leave of Court." (E.D.Mo. L.R. 4.01(D)). Smith has essentially filed two opposition memoranda. The Court typically would strike Smith's overlong and improper filing. However, because Smith is pro se and his memoranda are largely duplicative and do not change the Court's decision, the Court considers both filings for purposes of the Motion to Dismiss.[3]

---

[3] The Court, however, will strike the purported new causes of action that Smith includes in his response. (ECF No. 19-1). Smith makes allegations of defamation (ECF No. 19-1 at 6), violations of the Fair Housing Act (ECF No. 19-1 at 21, 23), breach of fiduciary duty (ECF No. 19-1 at 21-22), and failure to modify (ECF No. 19-1 at 25). *See* ECF No. 21 at 2. Because these allegations were not included in Smith's Complaint, the Court will not consider these new claims. *See Scott v. Wells Fargo Bank, N.A.*, No. CIV. 10-3368 MJD/SER, 2011 WL 3837077, at *10 (D. Minn. Aug. 29, 2011) ("In essence, by raising these representations in his opposition brief, Plaintiff is attempting to amend his Amended Complaint to include new allegations of fraud. Such action is impermissible."); *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d

Smith contends that he has alleged claims under Title VIII of the Civil Rights Act of 1968. (ECF No. 19). Smith further states that Defendants should have filed a motion for more definite statement, not a motion to dismiss. Smith nevertheless states that his Complaint states "facial material facts that support each element of Plaintiff's claims and thus withstands Defendants Counsel Gardner's Motion to Dismiss." (ECF No. 19 at 7).

Rule 8(a) and (e) of the Federal Rules of Civil Procedure specifies that a complaint must contain a "short and plain statement" showing that the Plaintiff "is entitled to relief." Fed.R.Civ.P. 8; *Miller/Perry v. Norris*, No. 1:10-CV-00033-BSM, 2010 WL 3199663, at *2 (E.D. Ark. July 28, 2010), *report and recommendation adopted*, No. 1:10-CV-00033-BSM, 2010 WL 3199671 (E.D. Ark. Aug. 12, 2010). The complaint must state enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(per curiam)(quoting *Twombly*, 550 U.S. at 555). Although this is the early stage of the litigation and the Court construes Smith's Complaint liberally, the Court holds that Smith's Complaint is insufficient. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)) (construe pro se complaint liberally)). Smith has identified several purported causes of action. However, the only factual basis for these claims seems to be that BANA denied Smith a loan. Otherwise, Smith provides nothing but legal conclusions which are insufficient to state a claim

---

992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, ... simply by raising a point in a brief.") (internal citations omitted); *see also Spectra Merch. Int'l, Inc. v. Euler ACI Collection Servs., Inc.*, No. 03 C 899, 2004 WL 1393600, at *6 n. 4, (N.D. Ill. June 18, 2004) ("Just as a plaintiff cannot amend his complaint through arguments in his brief in opposition to a motion for summary judgment, the plaintiff cannot use a brief to present new allegations or particulars of fraud not contained in the complaint") (citations omitted).

under Fed. R. Civ. P. 8. Smith's Complaint "tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). Smith's "bald assertions fail to provide any facts necessary to render [his] claims plausible." *Sorem v. Bank of N.Y. Mellon,* No. CIV. 13-290 DWF/JSM, 2013 WL 4611115, at *3 (D. Minn. Aug. 29, 2013). Therefore, the Court grants the Motion to Dismiss for failure to comply with Rule 8.

### B. Racial Discrimination

Even if Smith satisfied the standard under Rule 8 (which he does not), Smith's racial discrimination claim fails to state a claim. Defendants note that Smith failed to set forth the statutes under which he claims Defendants discriminated against him. Defendants claim that Smith's race discrimination claim should be dismissed because "it is impossible to determine which cause of action relates to which statute or how BANA allegedly violated the statutes." (ECF No. 13 at 5).[4]

Further, even if Smith tried to allege a discrimination claim under 42 U.S.C. §1981 or §1982, Defendants maintain Smith has not properly alleged this claim. (ECF No. 13 at 5). "Sections 1981 and 1982 protect citizens' rights to make and enforce contracts and purchase both personal and real property without any impairment due to private or public racial discrimination." *Daniels v. Dillard's Inc.,* 373 F.3d 885, 887 (8th Cir. 2004). The elements of a claim under 42 U.S.C. §1981 are: (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant. *See Green v. Dillard's, Inc.,* 483 F.3d 533, 538 (8th Cir. 2007); *Bediako v. Stein Mart, Inc.,* 354 F.3d 835, 839 (8th Cir. 2004). "The prima facie elements of a § 1982 case parallel those of a § 1981 case and require that a plaintiff show (1) membership in a

---

[4] Smith, however, seems to make clear in his briefing that his claims are brought under Sections 1981 and 1982 in his opposition brief. (ECF No. 19-1 at 3).

protected class; (2) discriminatory intent on the part of the defendant and (3) interference with the rights or benefits connected with the ownership of property." *Daniels*, 373 F.3d at 887 (citing *Zhu v. Countrywide Realty Co., Inc.*, 165 F.Supp.2d 1181, 1199 (D. Kan. 2001)).

Defendants note that a plaintiff must do more than state naked assertions of discrimination in order to state a claim under sections 1981 and 1982. Defendants contend Smith merely asserted that he was not offered a loan to purchase property. (ECF No. 13 at 6). In addition, Defendants maintain that Smith has not alleged that similarly-situated people of different races were allowed to enter into a contract as proposed by Smith. (ECF No. 13 at 6). These pleading deficiencies are fatal to Smith's claim.

At this stage of the litigation, the Court holds that Smith fails to state a cause of action for discrimination. Smith indicates that he applied for a loan but never provides any factual basis for this claim and fails to link the denial of his claim to his race. Although the Court gives deference to Smith's factual allegations that no URLA was completed, Smith provides no allegations that Defendants denied Smith the ability to participate in the loan process based upon his race. The Court holds that Smith's Complaint, when construed liberally, fails to allege a claim that Smith and his loan application were not properly considered because of his race. The Court thereby grants Defendants' Motion to Dismiss without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Joinder of Defendants Brian Moynihan and Gene E. Pulliam in Defendant Bank of America, N.A.'s Motion to Dismiss (ECF No. 26) and Bank of America, N.A.'s Motion to Dismiss for Failure to State a Claim (ECF No. 12) are **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 11th day of May, 2017.

                                           */s/ Ronnie L. White*
                                           **RONNIE L. WHITE**
                                           **UNITED STATES DISTRICT JUDGE**